MURNAGHAN, Circuit Judge,
concurring.
I concur in Judge Niemeyer’s majority opinion. The Plan’s preexisting-condition provision allows the Administrative Committee to deny benefits for a condition, or symptom, or secondary condition thereof, for which the beneficiary was treated during the exclusion period. Because there was evidence before the Administrative Committee that Booth was treated for hypertension during the exclusion period, and because hypertension is a well-known risk factor and arguably a secondary condition to coronary artery disease, that portion of the Administrative Committee’s decision which found that Booth was treated for a symptom or secondary condition of coronary artery disease during the exclusion period was reasonable.
For that reason alone, I would find that the Administrative Committee acted reasonably. I am nevertheless troubled by the way in which the Administrative Committee ignored the statements by Booth’s own doctors that Booth was not treated for coronary artery disease itself during the exclusion period. I cannot agree that it is reasonable for a plan administrator to ignore credible evidence presented by a claimant’s own doctors and instead rely on the conflicting opinions of reviewing doctors who have never treated the claimant and who have no basis for correctly interpreting ambiguous or possibly mistaken notations in the claimant’s medical records.